Good morning, Mr. Hannah. Good morning. May it please the Court, my name is Dana Hannah and I'm here to speak for the appellant Patrick Brown Thunder. Will you speak in on the microphone for me? Yes sir, yes sir, I will. Thank you, Mr. Hannah. Thank you for advising me. I'd like to begin my remarks by addressing the second argument raised in the brief, which deals with whether or not the evidence was legally sufficient to support the jury's verdict of guilty of count three, which charged the defendant with a specific sexual act, that is penetrating H.C. by means of hand, finger, or object. The government's theory was that the defendant, hand, finger, or object, your honor, that was the specific sexual act charged in count three, which the defendant was convicted of. The government's theory was that the defendant sexually abused H.C. while she was unconscious, and they charged two separate theories here. In count two, they charged the specific sexual act that he penetrated her by means of penis. In count three, they charged that he penetrated her by the sexual act of insertion of his hand, finger, or object into her body. The verdict was not guilty on count two, and guilty on count three. There was no direct evidence. H.C., the government's witness, had no memory of any sexual assault or seeing the defendant, so it was entirely circumstantial, both the evidence was unanimous by the government's witnesses, expert witnesses, that there was simply no way to tell whether or not the injury, that is a two centimeter laceration on H.C.'s vaginal wall, was caused by a hand, finger, or object, or whether it was caused by a penis. If it was caused by a penis, it was not caused by a hand, finger, or object, and vice versa. The medical doctors, the experts, called by the government, testified unanimously there is simply no way to tell. So even if the government, even if you found that the jury could have reasonably concluded from the evidence that she was sexually penetrated in some way, and that the defendant did it, they failed to introduce any evidence, circumstantial or direct, that the injury must have been caused by a hand, finger, or object. And I'll read from the testimony of Dr. Freeh. Well, let me just stop you for a minute there, for a second. The distinction here is set out in 2246 as between subsection 2A and subsection 2C, right? Yes, sir. But are they not essentially the same crime? No, they are not. With the same penalties? Do you have to charge them alternatively? Could they have charged them in one count? What they could have done is just charged him with sexual abuse of a minor, in which case they would not have had to plead the specific sexual act. But the specific sexual act had to be pled as an element of the crime. Was this the one where the minor was unconscious? Yes, sir. Yeah, and that was an element of the crime. That she was incapable of consenting. Now, the government, if I understand the government's position, at least from the briefs, they say there was enough evidence to support that for the jury to find there was the finger or hand. Well, that's what they say, and that's what the issue is. But the doctors said differently. Dr. Free, who is an expert in treating minors and children, including in sexual injuries, testified, and it's in my brief, questioned the injury to the girl's vaginal wall was either caused, can you tell whether that injury was caused by a penis, a finger, a hand, or a non-human object? Her answer was no. I then went through each of the possible alternatives. Is it fair to say it could have been caused by a penis or something else? Yes, yes, and on through all the other possibilities. And then I asked her, but as far as which one of those things caused that, there's no way of telling, is there? She answered no. What was inserted and caused that tissue damage, I can't tell you. Question, it would be nothing more than a guess. Is that fair to say? Answer, correct. Can other objects include penis? No. We specifically, I specifically asked her that. When I say... No, no, I mean as a matter of law. No, I didn't, no. It has to be a difference because an object in the sense of the statute has to mean a non-human object because otherwise there would have been no reason to create a separate crime by penetration by penis. So this is a separate sexual act that was actually pled in the indictment, count two pled penetration, specifically defined a sexual act that he is supposed to have committed as penetration by penis. How about the fact that there was an absence of semen? Wouldn't that be a, let me finish the question, wouldn't that be a reasonable basis for the jury to conclude that perhaps there was not a penis involved but that it had to be some other object that would have caused the laceration? That's the only fact that the government has pointed to to support their argument that the evidence was sufficient and I think that fact is immaterial. It certainly doesn't amount to proof beyond a reasonable doubt because that's one of the factors that the doctors must have considered in ruling that the, opining that the, all the circumstantial facts did not support either conclusion or frankly supported the possibility of either. Obviously a perpetrator could penetrate the body of a victim with his penis and not ejaculate. Can I, in this particular case, was there any difference in the statutory penalty between count two and three? No. It's the same. Yes. But they are different, they're separate. They are both sexual abuse of a penetration by a specific sexual act of a victim who is incapable of consent. So the problem is if this had been charged all in one count, we'd have a different kind of a situation as I see it. Or do they have to be charged in different counts? I think there was a strategic error in the charging by the government. That had they chosen sexual abuse of a minor, they wouldn't have had to prove anything other than penetration. They would not have had to prove a specific sexual act. But they made that decision. The argument on this point as a catch 22. If in fact that's applicable, it's a catch 22 that the government created by the charging decision. Because if he's guilty of one, he can't be guilty of the other. And if both are reasonably possible, then the evidence is insufficient to prove the unresolved crime. If you're correct, would this be a dismissal of then of count three outright? Yes. That's what I'm asking for. Not a new trial? Not a new trial on count three, a dismissal on count three. That the court erred in failing to direct a verdict. And the court did err because if in a circumstantial case there are two equally reasonable inferences that can be drawn from the circumstantial facts, one consistent with guilt and one consistent with non-guilt, then the court has to direct a verdict of acquittal under those circumstances. I'm having trouble understanding what your argument is as to why you should get a new trial as to count one. It flows from the first issue, Your Honor, that the court erred in refusing to give the requested instruction on theories of defense. But I thought all the theories of defense that you've argued go to count three. No, sir. The actual request is set forth in the appellant's brief. And actually, it would have been more accurate for me to say theories of defense instruction because there were four counts and basically three theories of defense in my request for instruction. And I see that my yellow light is on. Well, I don't understand. Was he convicted on count one? Yes, sir. He was. What was count one? Count one was having sex with an underage girl, another girl. Oh, that was the AC one? Yes, sir. So that, yeah, and I don't understand. She testified about that. My instruction, or request for instruction with regard to that judge boy, was with regard to count, it said essentially, with regard to count one, the defendant denies that he had sexual experience, or whatever the word I used, with this particular person and that he is falsely accused. But that's not a theory of defense. I mean, that's inherent in any charge. When you plead not guilty, you say you didn't do it. You can argue that to the jury without having the court instruct the jury. The defendant has a right to a theory of defense that deals with the specifics of his defense and that is my argument. I see that my yellow light is on, so I will reserve the rest of my time. Thank you. Very well. Mr. Hanson? Good morning. May it please the court, counsel. My name is Mikey Hanson. I'm an assistant United States attorney in Pierre, South Dakota. I was the trial attorney in this case. This case involves two different victims. They were both 13 at the time of the sexual assault by the defendant. AC was actually the first victim, but said nothing when it happened. So the FBI was investigating the HC case when they discovered AC, who happened to be a witness in the HC case. So that's sort of the time frame. I want to go to your questions immediately. The argument that the government charged this wrong, the federal sexual assault statutes are fairly complicated and takes a while to get into them, but if you sexually assault somebody with your hand, your finger, or an object, you have to have the specific intent to do the sexual abuse. So there's an element of specific intent that goes with a hand, a finger, or an object. If you do it with the intent to harass, humiliate. So it's impossible to charge these as the defendant has suggested. It should be charged as one. There are different elements in each of those crimes. What's your response to Judge Grunder's question? Can the subsection C phrase, any object include a penis? I do not believe so. I believe you go to the statute that specifically defines the sexual assault as a penis. So, if the father is not guilty of count 2, and the doctors couldn't say what was used to penetrate her, how do you get a guilty verdict in count 3? It was charged in the alternative, and it was argued in the alternative. The defendant is arguing to you that you can't convict me because the government can't prove I used my penis versus my finger, or if we had convicted him of the penis, you can't prove it wasn't my finger. That isn't how you look at it. You look at the evidence. The elements were given correctly in regard to count 3. Is there evidence to support the elements? Yes. Expert medical opinion said that it could be an object. In their medical opinion, it could be an object. It could be a finger. It could be a hand. We set up the circumstances where he was there. The jury, I think in their infinite wisdom, saw no sperm on the seat cover, on her underwear, on her clothing. The cut was very sharp. A finger likely would cause a cut like that versus a penis that doesn't have anything sharp on it. If you think about the circumstances, we argue this happened in a car, front seat of a car. She's bleeding on the passenger seat. You think about it, what he's doing, it's much more reasonable for a jury to find that he's reaching, involved in a sexual assault with her with his hand. She starts bleeding because he's induced a cut and then he stops. What he does, we believe, is he pushes her out of the car and leaves and her shoe falls out because the shoe was found where he pushed her out of the car in this parking lot of the trailer. It isn't fair to look at it as which one. It's fair to look at it, are the elements met? Are the elements met? I ask you, what's fair? That ring we were in this area, I don't know what's fair. Let's put it that way. Do I understand that it was, forget about the charge under count two because the jury found him innocent. Now I'm looking at count three. Do you have to have evidence that this cut was caused by the hand or finger? Do you have to prove that? Well sure, beyond a reasonable doubt and that's an element that the jury found. What you're saying is we proved it, not by the testimony of the experts because they don't know, but because there was no semen there. You do have to include the testimony of the experts. The testimony of the experts was that this cut, this cut inside her vaginal wall was caused by a penetration by a finger, a hand, an object, or a penis. But if I understand the rules that you're telling me about and if I understand the brief and if I'm wrong, tell me that you had to prove for count two, general intent is okay, but count three, finger or hand or other object, you had to prove the specifics of it. Your experts did not distinguish the specifics at all. They said it was caused by one or two, one method or the other. And there wasn't any evidence except what you're telling me. No sperm and that with the testimony of the experts who said it was caused by one of these three things is enough to support the verdict on count three. Is that your position? That's our position. With the intent to abuse, humiliate, harass, or satisfy his sexual desire. And he went to this party where these three underage girls are. He drank with them. He took the, even he says, highly intoxicated H.C. out of the party, put her in a car, drove away even though the plan was that A.C. was going to be with him after the party. Took her out in the country to an area where he had taken other young girls and that would be A.C. And we go to that, we go to the shoe, which is really important. At trial, the FBI agent talked to A.C. and said, I need to talk to you about what happened at your house before the defendant took H.C. away in the car. Why were you concerned when he left with her? And she says, well, when I was 13, he took me out in the country by the town of Dupree and sexually abused me. And he sexually abused me a number of times in different places in Dupree. But that was, there wasn't any question. She testified it was with his penis. So it was a statute, at least what we'd say was a statutory rape. Right. Sex with a minor. Sexual assault with a minor. Sexual abuse of a minor. Under a general intent. But the point I try to make is she took the FBI agent to one location and then they went to the trailer court where, the Kelly Speaker trailer court. Now when she talked to the FBI, she didn't tell in her statement why she went there. And defense counsel really didn't know it because in the prior statement it wasn't identified why. And defense counsel asked her, because again, he wants to go to Kelly Speaker's trailer court. Every witness he wants to be at Kelly Speaker's trailer court. Because Kelly Speaker, 16 years in the past, had been convicted of sexual abuse of a minor. And he says, you took him to Kelly Speaker, took the FBI agent to Kelly Speaker's trailer court, didn't you? Why did you do that? And she says, that's where he sexually abused me in the past. This is a place he would habitually take me to have sex. And when they go there, and then he followed up with a question, didn't you go there because that's where H.C. was found that night? Well this is two days after the event occurred with H.C. and A.C. had no idea that her little friend was found at the Kelly trailer court. She went to the Kelly trailer court because that's where the defendant took her when they had sex. And lo and behold, when they go to that exact place, there's where H.C.'s shoe is found by the FBI. So that shows both crimes occurred. That shows the intent in regard to the intent to have sex. If she is lying, if H.C. is making this up, she has no normal or routine place where the defendant takes her, but she does. And she goes there and that's exactly where the missing shoe is found two days after the events occurred. In a place where he would take her to have sex. But H.C. never had a memory of what happened. That is correct. That's correct. That is correct. I don't know how you can attribute the place where it happened. You can attribute it because the shoe was there, but not because H.C. had been there some year. Was it the same year? No, it was several years before, probably three, or two, because she was 15 when this happened. I would disagree in that we have to show that he intended to, a sexual desire to engage in sex for sexual desire, or engage in a sexual assault, and we go to the exact same place where he's taken H.C. to engage in a sexual assault for a sexual desire. That's very strong. If the jury had brought a verdict on a rape, you know, with a penis, am I going to use that? Well, this is one of those cases where the case got a lot better after the defendant testified. His credibility just crumbled when he was testifying on the stand. Prior to trial, he said he had never been to Dupree that night. He didn't know who A.C. and H.C. and T.C., the other little girl, were, that he'd never had a confrontation with H.C.'s mother out by his mother's house in the driveway, and that H.C. had never been in his car. Those were the things that he had said before trial. At trial, he admitted all of the above were true, that he had known A.C. through his little sister. He knew her for a long time. He admitted that he'd been to A.C.'s house where this drinking party occurred. He admitted that H.C. was highly intoxicated. He now knew that the DNA had come back and H.C.'s blood was on the front seat of his car. So he tells this jury this story that she was there for just a second and she got a nosebleed. H.C. shut the door on her nose and she started bleeding. But the evidence showed that H.C. was wearing a white T-shirt and all of the blood was down along her waistline, as if she'd been sitting and her vagina was bleeding. She had no blood, no blood whatsoever, if you would have had a nosebleed and bleed on She was in his car for half a minute and he drives away, but he sees her walk up the road as he's going a half a block away to his cousin's house and then he sees another cousin and that cousin asks him to borrow his car and then he says, that cousin takes H.C. and leaves with his car. It's a cold, cold night. He says he stands there for an hour. And this is Dupree, where the cousin said, I'm going to a convenience store. Four blocks away is the most that convenience store could be. He just stands there on the corner. And the final thing is, this is a cousin that doesn't live in Dupree and happens to be dead now at the Obviously the jury didn't believe him. Obviously, and it affected his credibility. I don't see that that applies to the precise issue that we've got and that is, did you have specific evidence and you say you hadn't, the informant said no, that this laceration in the vagina of H.C. was caused by the hand or finger. We would argue, we do, the facts are set forth in the case. The district court had the same issue. He brought a motion for a new trial based on this exact same issue and the district court, who had sat through the trial and reviewed all the evidence, concluded no. There was sufficient evidence and kind of lists the evidence in his opinion that supports the was supported by the evidence. There was sufficient evidence for count three. The only other point, Judge Molloy, you talked about the theory of defense. That's the only argument in regard to count one, H.C., the victim that was able to testify that the sex occurred. Again, yeah, very simplistic. I did not do it. I did not commit this crime. Well, the jury was told about the elements of the crime. There's no argument that they weren't told about that and it just isn't a complicated defense. He was able to argue that. The jury instructions set forth the ability for him to argue that. So that shouldn't result in a reversal of this case. So the jury was told he was presumed innocent. Right. Presumed innocent. The charge in the indictment is only an allegation. All of the things that would allow him to argue I didn't do it. Unless there are any other questions. Thank you for your time. In the government's oral argument, they basically make the same kind of argument they made in their brief, which is the evidence showed that the defendant committed some sexual crime against H.C. Assuming for the sake of argument that that's correct, that's not the question. The question is whether he committed this crime, the crime that he got convicted of. And given the unanimous testimony of the doctors, no juror, no reasonable jury, could have said that the manner or means of the offense was committed by hand, finger, or object as opposed to a penis. It is true that a motion was made to the district court to set aside the, first of all I made it of course at the end of the government's case, the court said that he was going to take it under advisement. After the jury made a finding of guilty on that, and the court did conclude that the evidence was sufficient to prove that particular means of the offense. But if you read the court's decision, all he does is state the conclusion. Aren't you sort of arguing that the government had to prove that it was not caused by a penis as opposed to whether there is sufficient evidence from which a reasonable jury could conclude that it was caused by a hand, finger, or other object? I think they're the same. I think that in order to prove that it was caused by the means charged, hand, finger, or object, they would have to prove that it was not caused by a penis. I think that the two are virtually mutually exclusive, hence the strategic error in the charging. There was really only one circumstantial fact that they relied on to prove that this crime was committed, and that was the laceration itself. In view of the fact that there's no history from the patient, and no direct evidence, the only evidence left on that issue would have been from the doctors, and they were unanimous. I presented a defense doctor who testified that it was a matter of speculation as to whether the evidence was caused by an accident, such as a falling accident while the young lady was intoxicated, or sexual trauma. Our testimony from our doctor was it could be either. But based on that evidence, couldn't a reasonable jury disagree with the doctor that it could have been caused by a penis, but agree that it could have been caused by a hand, finger, or other object? I don't think so. Not given the uncontested fact of the impossibility of making that determination. I don't think a reasonable jury could have reached a verdict that is contrary to the uncontested medical evidence of the government's own witnesses, Your Honor. Go ahead and finish your argument. As far as the theory of defense, the defendant is entitled to something more than just a reasonable doubt and presumption of innocence. That's why we have a requirement for a theory of defense or a right to a theory of defense instruction. Unless there are other questions, I thank you. This is outside of the issues here, but I'm curious because I've been reading a lot of articles about how the sentences in South Dakota and in North Dakota, which are made under the guidelines, are much more severe than state sentences. And I recognize here that the sentence, at least on count three, was 20 years, and it could have been life. And I'm wondering with your experience in the state courts, what kind of sentence these bring in state court? I would also point out that the statutory rape charge brought him 15 years. I do practice a lot of federal court in Indian country, and I find that the sentences in federal court are, in sex cases and drug cases especially, are probably two or three times what they might be if that same offense had been committed 20 miles to the north, south, east, or west. Are you referring to sex cases? Pardon me? Sex cases and drug cases. Federal punishments are far more severe. If you were just to ask my educated guess, on count one in any case, had he been convicted in a state court, he probably would have gotten three, four, or at most five years. Thank you for that question. Thank you, counsel. Appreciate your arguments. The case will be submitted and we'll issue an opinion in due course. Mr. Hagan, will you call our next case? Yes, Your Honor.